■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELODY RIVERA, Appellant. [938 NYS2d 61]—

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to meet her burden of establishing that the prosecutor's facially nondiscriminatory reasons for peremptorily challenging two prospective jurors were pretextual (*see People v Payne*, 88 NY2d 172, 181 [1996]). The record supports the court's rejection of defendant's claims of pretext, and these findings, based primarily on the court's assessment of the prosecutor's credibility, are entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

The prosecutor's overall impression of one of the panelists at issue was that she lacked the intellectual capacity to understand the case. The prosecutor explained that the other panelist at issue reacted angrily when the prosecutor mispronounced her name. There is no basis for disturbing the court's acceptance of these explanations as genuine. We do not find any disparate treatment by the prosecutor of similarly situated panelists.

Defendant did not preserve her challenge to a detective's testimony as to defendant's presence in a surveillance videotape, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Concur—Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ.